**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**FRANCIS J. FASONE, et. al.**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 07-4807**

**STATE FARM FIRE AND**                           **SECTION: "C" (3)**
**CASUALTY COMPANY**

## ORDER AND REASONS

Before the Court are defendant State Farm Fire and Casualty Company's ("State Farm")

motions for summary judgment as to plaintiff's claims for 1) mental anguish (Rec. Doc. 60) and

2) loss of business income (Rec. Doc. 63).[1] These motions were taken under advisement on the

briefs. Based on the memoranda of parties, including supplemental briefing by each party, the

record in this case and the law, the Court DENIES summary judgment for plaintiffs' mental

anguish claims and GRANTS summary judgment as to plaintiffs' loss of business income for the

following reasons.


**I.      BACKGROUND**

Plaintiffs seek damages under their homeowner insurance policy for damages sustained

during Hurricane Katrina. Plaintiffs' claim their home sustained heavy damage from wind and

rain and approximately 2.5 feet of flood water entered their home. At that time, plaintiffs had a

_____

[1] There are two additional pending motions for summary judgment, which will be
addressed in a separate opinion.

1

valid homeowners' insurance policy with defendant State Farm with the following coverages:

dwelling, $166,300; dwelling extension $16,630; personal property, $124,725; and loss of use,

actual loss sustained for up to twenty-four months.[2]  Plaintiffs received the following in

payments under their homeowners' insurance: dwelling, $22,491.17; dwelling extension,

$2,800.78; personal property, $1,500.00; and loss of use, $954.10.  Plaintiffs also recovered

$105,000 under their separate flood policy for damage to structure and $51,200 for contents.


## II.      SUMMARY JUDGMENT STANDARD

Summary judgment is only proper when the record indicates that there is not a "genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury

could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242,

247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir.

2001). When considering a motion for summary judgment, this Court "will review the facts

drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut.

Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986). The party moving for summary judgment bears

the initial burden of "informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material

fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its

_____

[2] These figures are drawn from the parties Joint Pretrial Order, Statement of Uncontested
Material Facts.  Rec. Doc. 101 at 5. In addition, the actual coverage was slightly higher because
plaintiff paid for "extra replacement cost" coverage.  *Id.* at  6.

initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir.1992).

## III.    LAW AND ANALYSIS

### 1) Mental Anguish (Rec. Doc. 60);

The Fifth Circuit recently decided that as a matter of law, plaintiffs may seek damages, including damages for mental anguish, under LSA-R.S. 22:1220 for a defendant insurer's bad faith failure to timely adjust a claim. *Dickerson v. Lexington Insurance Co.*, 2008 WL 5295389 (5th Cir. Dec. 22, 2008).

Defendant's only remaining argument against plaintiffs' claim for mental anguish damages is the insufficiency of plaintiffs' evidence of mental anguish. Rec. Doc. 60. Here too, the Fifth Circuit's decision in *Dickerson* is instructive. *Id*. Expert testimony is not required to establish a claim of mental anguish. *Id*. at 10. Rather, testimony by the plaintiff and his daughter at trial were sufficient for the fact-finder to determine that plaintiff was entitled to

mental anguish damages. *Id.* In this case, plaintiff Francis Fasone has provided his affidavit.[3] (Rec. Doc. 73). Plaintiff's affidavit describes his mental state at various points in time since Hurricane Katrina and links specific feelings, such as frustration, anger, and humiliation, to specific acts by the defendant. While defendant may doubt plaintiffs' claims of mental anguish, there is a genuine issue of material fact as to plaintiffs' mental state, which is most appropriately determined by the jury.

**2) Loss of Business Income (Rec. Doc. 63)**

Plaintiffs do not oppose defendant's motion for loss of business income. During a telephone status conference, plaintiffs' counsel informed the Court that he is not pursuing those claims in this matter. As there is no genuine issue of material fact in dispute, the Court grants defendant summary judgment as to plaintiffs' claims for loss of business income.

---

[3] Plaintiffs stated in their Memorandum in Opposition that an affidavit from plaintiff's wife was also attached as Exhibit C, but the affidavit was not submitted. (Rec. Doc. 73 at 12).

Accordingly,

**IT IS ORDERED that defendant's Motion for Partial Summary Judgment as to Plaintiff's Claims for Mental Anguish (Rec. Doc. 60) is DENIED and defendant's Motion for Partial Summary Judgment on Plaintiffs' Claims for Loss of Business Income (Rec. Doc. 63) is GRANTED.**

New Orleans, Louisiana, this 9th day of January, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE